## Proffit

*v.*

## Anderson, Deputy Sheriff.

(*Supreme Court of Appeals of Virginia, Feb. 1, 1894.*)

[20 S. E. Rep. 887.]

Louisa County Road Law—Constitutionality—Capitation Tax.

The road law for Louisa county (Acts 1891–92, c. 417, p. 686), requiring all able-bodied men between 16 and 60 years old to work the roads 2 days in each year, and conferring authority on the overseer of roads to impose a fine upon persons refusing so to work, and to collect it by levy as in case of taxes, and providing for the imprisonment of one so refusing, is void, under Const. art. 10, § 5, which authorizes the general assembly to assess a capitation tax, not exceeding $1 per annum, on every male citizen over 21 years old, to be dedicated to the public schools, and confers on counties and corporations the power to impose a capitation tax, not exceeding 50 cents, for all purposes. Lewis, P., and Lacy, J., dissenting.

William F. Proffit was imprisoned by order of the county court for refusing to work the roads in Louisa county, as required by law. He applied to the supreme court for a writ of habeas corpus, and was ordered to be discharged from custody.

*W. E. Bibb, A. K. Leake* and *R. R. Fauntleroy,* for petitioner.

*R. Taylor Scott, Atty. Gen.,* for respondent.

Per Curiam. The court is of opinion, for the reasons hereinafter stated, that the petitioner, William F. Proffit, a citizen of Louisa county, Va., was on the 3d day of November unlawfully arrested and imprisoned in the county jail of said county by F. H. Anderson, deputy sheriff for J. H. Woolfork, sheriff of said county, under a *capias pro fine* issued by the

clerk of said county under and in pursuance of an order of the county court of said county made and entered on the 11th day of July, 1892, to recover of said petitioner the road fine and costs mentioned in said order and capias, and imposed upon him for failing to work on the public roads in Cuckoo road district, in said county, when warned thereto, as required by an act of the general assembly of Virginia approved on the 29th day of February, 1892, entitled "An act to provide for working and keeping in repair the public roads in the county of Louisa" (Acts 1891–92, c. 417, p. 686), and that said petitioner is illegally restrained of his liberty.

2. The court is of opinion that said act, so far as it undertakes to require that all able-bodied male citizens, between the ages of 16 and 60, in each road district of said county, shall be compelled to work on the roads a period of time aggregating 2 days, of 10 hours each, in each year, when warned by the overseer of the precinct to which they belong, with certain exceptions, which need not be here mentioned ; and in so far as said act undertakes to confer upon the overseer of any such precinct authority to impose upon and collect from any person so warned, who shall fail to attend and work as required by such overseer, a fine of $1 for such failure, unless good and sufficient cause be shown, authorizing such overseer to make out an account against any party so failing, and providing that such account shall have the force and effect of a tax ticket due the commonwealth, and conferring upon said overseer power to collect such fines by distress or levy, in the same manner and upon the same property as in the case of distress or levy for taxes, and further requiring such overseers to return a list of all fines collected, and of the persons delinquent, etc.; and in so far as the said act provides that "if the said account is returned to the clerk's office as afore provided, as delinquent, it shall be the duty of the said court to issue a *capias pro fine* against the delinquent party, and place the same in the hands of the sheriff or

any constable of the county, who shall proceed to arrest the said party, and place him under the control of the road commissioner of his district, who shall see that he works out the amount of his fine and costs, allowing him credit for 75 cents per day for each day of 10 hours employed, and the costs shall be the same as allowed by law on an indictment for misdemeanor ; if such party refuse to do the work, he shall be liable to enforced labor on the county roads by order of the county court, under the general law,"—the same, we hold, is void, because repugnant to section 5 of article 10 of the constitution of Virginia, which declares : "The general assembly may levy a tax not exceeding one dollar per annum on every male citizen who has attained the age of twenty-one years, which shall be applied exclusively in aid of public free schools ; and counties and corporations shall have power to impose a capitation tax, not exceeding fifty cents per annum, for all purposes." This provision of the constitution effects two purposes : (1) It authorizes the general assembly to assess a capitation tax, not exceeding $1 per annum, on every male citizen who has attained the age of 21 years, and expressly dedicates such tax to the public free schools. (2) It confers directly upon the counties and corporations the power to impose a capitation tax, not exceeding 50 cents, for all purposes. The provision in respect to counties is not subject to the will of the legislature in any respect, but confers the power directly upon the counties, respectively. The question is, does the act in question impose a capitation tax in the form of road service ? This question can only receive an affirmative answer. It is undeniably true that taxes may be levied in money, in service, or in kind, and, whether in the one form or other, it is none the less a tax. "Taxation exacts money or services from individuals as and for their respective shares of contribution to any public burthen." Mr. Justice Ruggles in People v. Mayor, etc., of Brooklyn, 4 N. Y. 419. In the present

case the burden imposed is in form and substance a *per capita* requisition for road service, and cannot, upon principle, be distinguished from the ordinary capitation tax. In other words, it is a requisition tax, and nothing else; and, being in excess of the capitation tax prescribed by the said fifth section of article 10 of the constitution of Virginia, the provisions of the aforesaid, imposing the same, are unconstitutional and void. But the court is, at the same time, of opinion that the validity of the sixth, eighth, and ninth sections only, of the act in question, are here involved, and the judgment now to be rendered is confined to those sections, and none others. For these reasons, and others to be stated in writing, and filed with the record, it is considered by the court that said sections 6, 8, and 9 of the act aforesaid are repugnant to said section 5 of article 10 of the constitution of Virginia, and therefore void, and that the petitioner is illegally restrained of his liberty. It is therefore ordered that the petitioner, William F. Proffit, be discharged from custody.

LEWIS, P., and LACY, J., dissenting.

FOR TABLE OF CASES REPORTED AND INDEX, SEE PAGE 719, VOLUME II, VIRGINIA DECISIONS.